UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Saleh Abdisalan Ali,<br><br>Petitioner,<br><br>v.<br><br>Kirstjen Nielson, DHS,<br><br>Respondent. | Case No. 18-cv-0089 (JNE/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

On January 12, 2018, Petitioner Saleh Abdisalan Ali filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention pending removal [Doc. No. 1]. The petition was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Petitioner was removed from the United States on March 29, 2018, and his petition should be dismissed as moot.

**I.     Background**

Petitioner is a citizen of Somalia. (Lee Decl. Ex. 2 at 3 [Doc. No. 5-2].) He entered the United States as a refugee in September 2008, and his status was later adjusted to lawful permanent resident. (*Id.* at 5.) Petitioner was ordered removed on December 21, 2017. (Lee Decl. ¶ 11, Ex. 6 at 4 [Doc. No. 5-6].)

On the date Petitioner filed his habeas petition, he was subject to mandatory

detention under 8 U.S.C. § 1231(a)(2) because he was within the 90-day removal period following a final order of removal. The Embassy of Somalia issued a travel document for Petitioner on February 1, 2018, and Petitioner was transferred to a facility in Louisiana on February 20, 2018, for removal on a charter flight to Somalia. (Lee Decl. ¶¶ 15-16.) In Respondent's response to the petition filed on February 22, 2018, Respondent represented that Petitioner was likely to be removed in the reasonably foreseeable future.

On June 20, 2018, this Court issued an order directing Respondent to file a status update concerning Petitioner's removal. (Order at 2 [Doc. No. 7].) Respondent filed a supplemental response on July 2, 2018, advising the Court that Petitioner was removed from the United States on March 29, 2018. (Suppl. Response at 1 [Doc. No. 9]; Voss Decl. Ex. 7 [Doc. No. 10-1].) Respondent asks the Court to dismiss the petition as moot.

## II.   Discussion

Under article III, section 2, of the United States Constitution, federal court jurisdiction is limited "to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (citation and quotation marks omitted). Article III mootness divests the Court of subject matter jurisdiction. *See id.* If a court determines that it lacks subject-matter jurisdiction at any time during a case, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Petitioner's removal from the United States leaves nothing for the Court to grant

by way of habeas relief.  He is no longer in the custody of the Department of Homeland Security, and as a result, the Court cannot order his release.  Any such order would be ineffectual, and therefore, Petitioner's habeas petition is moot.  *See, e.g.*, *Ahmed v. Sessions*, No. 16-cv-2124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017), *R. & R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017); *Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immig. Servs.*, No. 10-cv-292 (JRT/LIB), 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010).

Before recommending dismissal of the petition based on mootness, however, the Court must determine whether any of the following exceptions to mootness exist:

> (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*See Ahmed*, 2017 WL 3267738, at *2 (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)).  The Court concludes that none of the exceptions apply in this case.  First, there are no surviving secondary or collateral injuries stemming from the allegedly prolonged detention, and any alleged injuries arising from the final order of removal itself are not cognizable in federal court.  *See id.*  Second, an allegedly unlawful period of immigration detention is unlikely to be repeated, given Petitioner's removal from the United States.  *See id.*  Third, there is no reason to believe that Respondent acted purposely to deprive this Court of jurisdiction.  Finally, the exception relating to class actions is inapplicable, because Petitioner requests relief only on his own behalf, not on behalf of a class of individuals.  *See id.*

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Saleh Abdisalan Ali's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DISMISSED AS MOOT**.

Dated: July 6, 2018         s/ *Hildy Bowbeer*
                            HILDY BOWBEER
                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).